**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50301 |
| Plaintiff-Appellee, | D.C. No. 5:19-cr-00214-RGK-1 |
| v. | |
| PAUL RICKY MATA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 26, 2023[**]

Before: CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Paul Ricky Mata appeals from the district court's judgment and challenges the 168-month sentence imposed following his guilty-plea conviction for mail fraud, wire fraud, making false statements in bankruptcy, concealing assets in bankruptcy, and making false oath and accounts in bankruptcy, in violation of 18

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 2(b), 1341, 1343, and 152(1)-(3). We vacate Mata's sentence and remand for resentencing.

Mata contends that the district court procedurally erred by failing to explain the sentence adequately, including what standard of proof it applied to the amount of loss determination under U.S.S.G. § 2B1.1(b)(1), what evidence it relied on to make that determination, and why it selected the 168-month sentence. The government agrees that "the district court's brief explanation for its sentencing decision may not fully have met the requirements of 18 U.S.C. § 3553(c) or Fed. R. Crim. P. 32(i)." Nevertheless, it argues that remand is not required because Mata cannot show that the error affected his substantial rights. We disagree. The record—which does not reflect the district court's rationale for accepting the presentence report's loss calculation over Mata's much lower calculation, or for concluding that 168 months was "the appropriate sentence"—is not adequate to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Without an adequate sentencing explanation, we cannot determine whether the district court correctly calculated the amount of loss or adequately considered the parties' arguments and the 18 U.S.C. § 3553(a) sentencing factors in selecting the sentence. Thus, resentencing is required. *See United States v. Doe*, 705 F.3d 1134, 1154-56 (9th Cir. 2013) (holding that the district court's procedural violations, including its failure to expressly rule on the

defendant's objections to the Guidelines calculation, amounted to plain error).

In light of this disposition, we do not reach Mata's arguments that the loss calculation and resulting Guidelines range were incorrectly determined, or that his sentence is substantively unreasonable. We also do not reach Mata's challenges, made for the first time on appeal, to supervised release conditions 4 and 5. He is free to raise those arguments upon resentencing if the district court elects to reimpose those conditions.

**VACATED and REMANDED for resentencing.**